## SANBORN *v.* STEELE.

Interest is due on judgments, and the Revised Statutes, chap. 193, secs. 6 and 10, give a cumulative remedy for the recovery of it.

DEBT, founded on a judgment rendered in the Court of Common Pleas, in Strafford county, January term, 1842, for the sum of $2,334.50 debt, and costs, taxed at $28.79, on which were issued four writs of execution, in due form; but there was no command in them for the officer to collect interest on the sum or sums named therein. The judgment was founded upon a note dated the 21st day of December, A. D. 1838.

Plea, the general issue. There had been paid on the writs the interest of the whole sum to November 15, 1843, together with $1,311.49 debt; then leaving due the sum of $1,052.48. The body of David Steele, one of the defendants, was arrested, and bonds given according to law, on the 16th day of May, 1845. On the 16th day of October, 1845, a payment was made of $800.00, and a receipt annexed to the execution in these words:

"October 16th, 1845: Received of David Steele eight hundred dollars, in part satisfaction of the within execution.
                    DANIEL BURNHAM, plaintiff in interest."

Daniel Burnham was in fact the plaintiff in interest, and had a right to discharge the execution in whole or in part. On the 16th day of January, 1846, a farther sum of $285.31 was paid to Nathaniel Wiggin, Esq., a deputy-sheriff, together with his fees, and $11.49 for the fees of Dudley Smith, another deputy-sheriff, on former execution, in arresting said Steele, as aforesaid, and a receipt was signed on the back of the execution, by Wiggin, thus: "Received two hundred eighty-five dollars and thirty-one cents, for the balance of this execution."

And it was agreed that if the court should be of the opinion that the plaintiff is entitled to recover, then judg-

ment should be rendered for him for such sum as the court might order, otherwise for the defendant's costs.

*Lyford,* for the plaintiff.

*Eastman,* for the defendant.

GILCHRIST, C. J.  It is perfectly settled in this State that the right of a judgment creditor is to recover of the debtor the amount for which judgment has been rendered, together with interest for such time as the debt remains unpaid.  This was held to be the law before the Revised Statutes, which directed that the writ of execution should be so framed as to authorize the officer serving it to collect such interest.  *Rogers* v. *McDearmid,* 7 N. H. 506.  The Revised Statutes, ch. 193, sec. 6, provided that interest should be payable on all executions in civil actions from the time of the rendition of judgment; and, by the tenth section of the same chapter, furnished a form of a writ of execution to meet the provisions of the sixth section, and to render them effectual.  The object of this law was merely to give the judgment creditor a remedy by his execution, which he had previously been obliged to seek by other and less convenient means.  The right, therefore, of this plaintiff to recover the balance of his judgment and interest, is perfectly clear, unless something has been done to defeat it.

Such would, perhaps, be the effect of the act of Wiggin, who received a sum of money less than would have been due upon a legal computation, and in form discharged the execution, had he acted under any authority from the party in interest to give such a discharge.  But of this there seems to be no evidence.  Had the party, authorized to make a specific application of the money, applied it to extinguish the debt, then the claim for interest might, upon the authority of some of the cases, have well been

questioned. But neither the party paying or receiving it, in this instance, had any such power; and the only one who had, elects to apply it first to keep down the interest; and it should, therefore, be so applied. Let the interest be cast in the manner usual in cases in which partial payments have been made on debts bearing interest, and for the balance due let there be

*Judgment for the plaintiff.*